**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

SEAN JEFFERY RICHSON-BEY,

          Plaintiff-Appellant,

  v.

CELIA BELL, Chief Executive/Medical
Officer of CCHCS at CSP Corcoran,

          Defendant-Appellee.

No. 22-16219

D.C. No. 1:22-cv-00447-JLT-BAM

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted November 14, 2023**

Before:     SILVERMAN, WARDLAW, and TALLMAN, Circuit Judges.

    Sean Jeffery Richson-Bey appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations

related to COVID-19 testing policies that arose while he was a California state

prisoner. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Richson-Bey's individual capacity claims because Richson-Bey failed to allege facts sufficient to show that placing him in quarantine or testing him for COVID-19 violated any of his constitutional rights. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (explaining that a prisoner has no protected liberty interest when the sanction does not impose an "atypical and significant hardship"); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (setting forth the requirements for an Eighth Amendment violation); *Cruzan by Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 279 (1990) (stating that a violation of an individual's right to refuse medical treatment "must be determined by balancing his liberty interests against the relevant state interests"); *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (stating standard for a free exercise claim); *Thompson v. Souza*, 111 F.3d 694, 700 (9th Cir. 1997) (describing factors for assessing whether a search is reasonable under the Fourth Amendment).

Dismissal of Richson-Bey's official capacity claims was proper because Richson-Bey failed to allege facts sufficient to show that he suffered a constitutional violation as the result of an official policy or custom. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc)

(discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1996) ("Proof of random acts or isolated events is insufficient to establish custom.").

Richson-Bey's assertion that he should have been allowed to identify any unknown defendants through discovery is unavailing where his complaint failed to state a claim for relief. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[T]he plaintiff should be given an opportunity through discovery to identify the unknown defendants . . . unless . . . the complaint would be dismissed on other grounds.").

We reject as meritless Richson-Bey's contentions related to the United States-Morrocco Treaty of Peace and Friendship.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**